**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Darrell Taylor,                                   )<br>                                                       )<br>       Plaintiff,                                 )<br>                                                       )<br>vs.                                                    )<br>                                                       )<br>                                                       )<br>Phoenix Police Department; Maricopa)<br>County Sheriff's Department,           )<br>                                                       )<br>       Defendants.                             )<br>                                                       )<br>_____)  | CV 11-02209-PHX-FJM<br><br>**ORDER** |

The court has before it the Maricopa County Sheriff's Office's motion to dismiss (doc. 3) and the Phoenix Police Department's motion to dismiss (doc. 4). Plaintiff did not file a response to either motion, and the time for responding has expired.

This action arises from plaintiff's arrest by Phoenix police officers on May 18, 2011. The police were called due to a dispute between plaintiff and a woman on a bus. Plaintiff alleges that the officers grabbed his wrist and tore his rotator cuff, causing permanent damage. Plaintiff was brought to the Maricopa County Sheriff's facility. He alleges that he was not given medical care despite complaining of pain.

Plaintiff originally filed this action in the Superior Court of Arizona in Maricopa County, which was timely removed to this court. Each defendant moves to dismiss the complaint under Rule 12(b)(6), Fed. R. Civ. P. Although defendants each move for dismissal on a variety of bases, both argue that dismissal is warranted because defendants are nonjural

1 entities that cannot be sued. Plaintiff failed to respond to either motion. Because plaintiff 2 failed to respond, we grant the motions summarily. See LRCiv 7.2(i) ("if the unrepresented 3 party. . . does not serve and file the required answering memoranda. . . such non-compliance 4 may be deemed a consent to the denial or granting of the motion and the Court may dispose 5 of the motion summarily").

6 Even if plaintiff had responded, we agree with defendants that they are incapable of 7 being sued. Governmental entities possess only the powers granted to them, including the 8 powers to sue and be sued, by their enabling statutes. Braillard v. Maricopa County, 224 9 Ariz. 481, 487, 232 P.3d 1263, 1269 (Ct. App. 2010). The Arizona legislature did not 10 designate the Maricopa County Sheriff's Office as a political subdivision, and thus did not 11 give it the authority to sue or be sued. See A.R.S. § 11-201; see also Braillard, 224 Ariz. at 12 487, 232 P.3d at 1269 (holding that the Maricopa County Sheriff's Office is a nonjural 13 entity). Although the City of Phoenix is a public entity and is subject to suit, see A.R.S. § 14 12-820, the Arizona legislature has not stated that the Phoenix Police Department is a 15 separate entity. Accordingly, defendants are nonjural entities and cannot be sued.

16 **IT IS ORDERED GRANTING** the Maricopa County Sheriff's Office's motion to 17 dismiss (doc. 3).

18 **IT IS ORDERED GRANTING** the Phoenix Police Department's motion to dismiss 19 (doc. 4).

20 We urge plaintiff to seek the advice of a lawyer. If he does not have one, he may wish 21 to contact the Lawyer Referral Service of the Maricopa County Bar Association at (602) 257- 22 4434.

23 DATED this 13th day of December, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge